UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HARVEY TURNER, #17391-424,  :

      Petitioner,  :

                   :

v.  :          No. 2:14cv597

                   :

ERIC WILSON,  :

      Respondent.  :

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Harvey Turner ("Turner"), a federal inmate, was convicted in 2005 of unlawful possession of a firearm by a felon, possession of a controlled substance with intent to deliver, and possession of a firearm in relation to a drug trafficking crime. He filed this habeas petition under 28 U.S.C. § 2241, seeking resentencing on the charges, for which he is currently serving a total of 292 months in prison.[1] His petition argues that he was incorrectly sentenced under U.S. Sentencing Guideline § 4B1.1 based on his improper categorization as a career offender. He also argues that in light of the U.S. Supreme Court decision in Johnson v. United

---

[1] Turner is now incarcerated in Petersburg, Virginia. 28 U.S.C. § 2241 grants federal courts the power to grant writs of habeas corpus in "the district wherein the restraint complained of is had." § 2241(a). That is, § 2241 writs can be granted by courts in the district of confinement because the "district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973).

States, 135 S. Ct. 2551 (2015) - which held the residual clause in 18 U.S.C. 924(e) to be unconstitutional - this court should vacate his sentence and re-sentence him. See (ECF No. 14). Because Turner has already presented a claim under 28 U.S.C. § 2255 to the sentencing court, and his instant claim does not fall within the narrow range of habeas claims which may be brought by federal prisoners under the so-called "savings provision" of 28 U.S.C. § 2255(e), the undersigned recommends the court DISMISS the petition without prejudice for lack of jurisdiction. However, the undersigned notes that Turner is not precluded from requesting permission to file a second § 2255 motion in the sentencing court in light of the new constitutional rule articulated in Johnson v. United States.

## I. STATEMENT OF THE CASE

After entering a guilty plea in August 2005 without a plea agreement, Turner was convicted in the Northern District of Illinois of (1) unlawful possession of a firearm by a felon under 18 U.S.C. §§ 922(g)(1) & 924(e), (2) possession of a controlled substance - crack cocaine - with intent to deliver under 21 U.S.C. § 841(a)(a), and (3) possession of a firearm in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). Amended Judgment in Case No. 04-CR-930-1, (ECF No. 10-1). The district court concluded that Turner qualified as a "career offender," under § 4B1.1(a) of the Sentencing

Guidelines yielding an advisory sentencing guideline range of 292-365 months. (ECF Nos. 10-2, at 1, 10-4, at 2-3). Turner's career offender status was based on previous convictions for aggravated battery, aggravated discharge of a firearm, and unlawful delivery of a controlled substance. (ECF No. 10-3, at 20). The sentencing judge noted that Turner had "'quite the criminal history with violent acts dating back to the age of 17' that have included 'batteries and sales of drugs and handguns.'" (ECF No. 10-2, at 2). Furthermore, at the sentencing hearing, Turner, through his counsel, agreed that he qualified as a career offender pursuant to U.S. Sentencing Guideline § 4B1.1. (ECF 10-4, at 2-3). The court sentenced Turner to 292 months in prison – the lowest sentence within Turner's guideline range. (ECF Nos. 10-1, at 2, 10-4, at 3).

Turner first appealed his sentence to the Seventh Circuit. (ECF No. 10-2). Turner's counsel sought to withdraw under Anders v. California, 386 U.S. 738 (1967), because counsel was not able to find a nonfrivolous issue to pursue. (ECF No 10-2, at 1). Following Turner's response to his counsel's submission, in a decision dated August 23, 2006, the Seventh Circuit dismissed Turner's appeal and granted his counsel's motion to withdraw. Id. at 3.

In January 2007, Turner filed a motion with the sentencing court to vacate, set aside, or correct his sentence under 28

U.S.C. § 2255. (ECF No. 10-3). He alleged that his counsel was ineffective, and that his sentence of 292 months resulted from improper information regarding his career offender status. Id. at 19-20. On April 26, 2007, the sentencing court denied Turner's § 2255 motion and ruled that Turner's failure to challenge his career offender status in his Seventh Circuit appeal foreclosed him from raising the issue. (ECF No. 10-4, at 5). Turner appealed the sentencing court's ruling, and in August 2007, the Seventh Circuit dismissed his appeal. (ECF No. 10-5).

Following these challenges, in October 2010, Turner filed a petition for writ of habeas corpus, (ECF No. 10-6), pursuant to 28 U.S.C. § 2241 in the District of Minnesota – the District in which he was incarcerated at the time. (ECF No. 10-7, at 3). 28 U.S.C. § 2241 grants federal courts the power to grant writs of habeas corpus in the district of confinement because the "district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian." 28 U.S.C. § 2241(a); United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973)).

In his October 2010 petition, Turner again argued that the sentencing court incorrectly categorized him as a career offender pursuant to U.S. Sentencing Guideline § 4B1.1, which

resulted in an improper enhanced sentence. (ECF No. 10-6 at 3, 7-13). The court dismissed Turner's § 2241 petition for lack of jurisdiction because Turner did not demonstrate that his § 2255 remedy was inadequate or ineffective, as required to pursue a § 2241 challenge. 28 U.S.C. § 2255(e).

In January 2013, Turner filed another 28 U.S.C. § 2241 petition for habeas corpus in the Southern District of Indiana, the district in which he was then confined. (ECF No. 10-8). Turner again alleged that his sentence was improperly enhanced due to his categorization as a career offender. Id. The court dismissed Turner's claim because Turner's petition was duplicative of the petition that he filed in the District of Minnesota. (ECF No. 10-9).

On November 21, 2014, Turner conditionally filed his present § 2241 habeas petition pro sé, (ECF No. 1). He filed an amended petition on December 19, 2014, (ECF No. 3).[2] In this petition, Turner again challenges his sentence based on his categorization as a career offender, as he did in his prior challenges in the Northern District of Illinois, District of Minnesota, and Southern District of Indiana. (ECF No. 3). Respondent moved to dismiss the petition for lack of jurisdiction on March 30, 2015, arguing that (1) Turner incorrectly brought his claim under § 2241, when challenges to

_____

[2]As noted above, Turner is now incarcerated in Petersburg, Virginia, and 28 U.S.C. § 2241 grants federal courts the power to grant writs of habeas corpus in "the district wherein the restraint complained of is had." § 2241(a).

federal prisoners' sentences must be brought pursuant to 28 U.S.C. § 2255, and (2) Turner's claim is barred by the statute of limitations. (ECF No. 10). On July 13, 2015, Turner submitted a motion to amend his petition in light of the recently decided U.S. Supreme Court case, Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act, finding it was unconstitutionally vague in violation of due process. On July 17, 2015, this court granted Turner's motion for supplemental briefing. (ECF No. 13).

In Turner's supplemental brief, he argues that his conviction for aggravated discharge of a firearm could not be used to enhance his punishment after Johnson. (ECF No. 14). Respondent filed a response arguing that this court still lacks jurisdiction over Turner's current habeas corpus petition because even considering any claim Turner may have under Johnson, this court has no jurisdiction under § 2241. (ECF No. 15). However, Respondent asserts that in light of the new rule announced in Johnson v. United States, Turner may petition the Seventh Circuit for certification to file a successive § 2255 petition in the sentencing court raising any new claims related to his predicate offenses which may be affected by the Supreme Court's decision. (ECF No. 15, at 4).

With regard to Turner's substantive claims, in his petition filed on November 21, 2014, and amended on December 19, 2014, Turner argues that the law upon which he now relies "was not available to [him] within the year limitation of [28 U.S.C. §] 2255." Id. at 5. For this reason, he asserts that any remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his sentence. Id. With regard to his specific claims, Turner first asserts that the convictions "used to enhance punishment are against the laws of the United States, and or [his] constitutional rights." Id. at 6. Second, Turner argues that the sentencing court should not have categorized his prior conviction for aggravated assault as a "violent felony" because of "new interpretation[s] of the law." Id. at 7. Third, he states that the conviction for aggravated discharge of a firearm, which was used to enhance his sentence, "was based on inaccurate information." Id.

In his supplemental brief, Turner argues that his sentence was enhanced under 18 U.S.C. § 924(e), and because the U.S. Supreme Court found the residual clause of this section to be unconstitutionally vague, this court should vacate his sentence and re-sentence him. (ECF No. 14). Turner also argues that his categorization as a career offender under U.S. Sentencing Guideline § 4B1.1 was also incorrect in light of the new rule announced in Johnson. As set forth in detail below, any claim

7

Turner may raise must be presented to the sentencing court under § 2255. Accordingly, this report recommends that the court dismiss Turner's present habeas petition for lack of jurisdiction.

## II. ANALYSIS

### A. The Savings Clause Is Narrowly Construed.

Federal prisoners must ordinarily challenge their sentence by motion filed under 28 U.S.C. § 2255, "which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (quoting Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)). Having once filed such a motion, however, § 2255(h) prohibits successive motions for relief except in certain circumstances. See 28 U.S.C. § 2255(h). This gatekeeping provision, enacted with the Antiterrorism Effective Death Penalty Act ("AEDPA"), limits successive petitions to those based upon either (1) newly discovered evidence or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. United States v. Poole, 531 F.3d 263, 266 n.4 (4th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

Turner brought his claim under § 2241, not § 2255, and asserts that § 2255 is inadequate or ineffective to test the

legality of his confinement, and he is therefore, entitled to

relief in this court under § 2241.    (ECF No. 1-1); <u>see</u> §

2255(e).[3]

The Fourth Circuit has interpreted this so-called "savings

clause" of § 2255 narrowly.    Claims challenging the validity of

a federal prisoner's conviction or sentence may be brought under

§ 2241 only when § 2255 is "inadequate or ineffective to test

the legality of [the prisoner's] detention." § 2255(e).[4]  And, §

2255 is inadequate or ineffective only when:

> (1)   at the time of conviction, settled law of [the
>        Fourth Circuit] or the Supreme Court established
>        the legality of the conviction;
>
> (2)   subsequent to the prisoner's direct appeal and
>        first § 2255 motion, the substantive law changed
>        such that the conduct of which the prisoner was
>        convicted is deemed not to be criminal; and
>
> (3)   the prisoner cannot satisfy the gatekeeping
>        provisions of § 2255 because the new rule is not
>        one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333-34.    Importantly, Fourth Circuit

---

[3]Section 2255(e) provides:

> An application for a writ of habeas corpus [(§ 2241 petition)] in
> behalf of a prisoner who is authorized to apply for relief by
> motion pursuant to this section [2255], shall not be entertained
> if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such court
> has denied him relief, unless it also appears that the remedy by
> motion is inadequate or ineffective to test the legality of his
> detention.

[4]Section 2255(e)'s limitation is a limitation on the court's jurisdiction to
hear a § 2241 petition.  <u>See</u> § 2255(e) ("An application for a writ of habeas
corpus . . . <u>shall not be entertained</u> . . . .") (emphasis added); <u>Rice v.
Rivera</u>, 617 F.3d 802, 807 (4th Cir. 2010) ("[T]he district court lacked
jurisdiction over the Habeas Motion because Rice is unable to satisfy the
second prong of the <u>Jones</u> rule."); <u>Bryant v. Warden</u>, 738 F.3d 1253, 1262-63
(11th Cir. 2013).

precedent limits the reach of the savings clause to those petitioners alleging "actual innocence of the underlying offense of conviction." Darden v. Stevens, 426 F. App'x 173, 174 (4th Cir. Apr. 29, 2011) (unpublished); see In re Jones, 226 F.3d at 333-34 ("Such that the conduct of which the prisoner was convicted is deemed not to be criminal." (emphasis added)); United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." (citing In re Jones, 226 F.3d at 333-34)); see also Farrow v. Revell, 541 Fed. App'x 327, 328-29 (4th Cir. Oct. 9, 2013) (unpublished) (holding that petitioner's challenge to his armed career criminal status was not cognizable under § 2241, but his claim of actual innocence was cognizable).

Although petitions under § 2241 may be used to challenge the execution of a federal sentence, United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004), challenges to the validity of a federal sentence must fit within the Fourth Circuit's limited view of the savings clause articulated in In re Jones. Turner's challenge does not.

Applying the three part described in In re Jones, Turner cannot satisfy the second or third element. To begin with, his original petition (filed before Johnson was decided) does not identify any change in the substantive law which would lead this

10

court to evaluate his sentencing claims differently from the three district courts which have previously rejected them. Moreover, all of the claims set forth in his original petition relate to sentencing error only, and none would render Turner's underlying conduct "not criminal." Poole, 531 at 267 n. 7 ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34); see also Farrow v. Revell, 541 Fed. App'x. 327, 328-29 (4th Cir. Oct. 9, 2013) (unpublished) (holding that petitioner's challenge to his armed career criminal status was not cognizable under § 2241, but a claim of actual innocence was cognizable).

The conduct underlying Turner's convictions, namely possession with intent to distribute crack cocaine and possession of a firearm in connection with a drug crime, is still criminal. 21 U.S.C. § 841(a); 18 U.S.C. § 924(c)(1). Unlike some offenses, Turner's federal convictions were not dependent upon his having a prior felony conviction. See 18 U.S.C. § 922(g)(1); United States v. Miller, 735 F.3d 141, 146 (4th Cir. 2013).

In amending his petition after Johnson, Turner has identified a change in the substantive law which arose after his first petition under § 2255. But, this change also does not render his underlying conduct "not criminal." In addition, his

11

claim founders on the third prong of the test from In re Jones because it appears - in the Seventh Circuit at least - that Johnson announced a new rule of constitutional law which will be made retroactive on collateral review. Price v. United States, 795 F.3d 731 (7th Cir. 2015). As a result, even if the court were to conclude that Turner's new argument had merit, it would still lack jurisdiction to consider it because Turner's remedy under § 2255 has not been shown to be inadequate or ineffective.

**B.   Turner May Request Permission to File a Successive § 2255 Motion In the Sentencing Court.**

Under 28 U.S.C. § 2255, federal prisoners must challenge their sentence in the sentencing court, rather than the court in the district of confinement. 28 U.S.C. § 2255(a). Ordinarily, once a federal prisoner files a § 2255 petition, he is foreclosed from filing a successive § 2255 petition unless he meets the requirements of § 2255(h). This section provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> . . .
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. § 2255(h). After Johnson v. United States held the residual

clause of the Armed Criminal Act of 1984[5] to be unconstitutional,

a question arose as to whether Johnson is retroactive to cases

on collateral review. 135 S. Ct. 2551 (2015). Lower courts

deciding the retroactivity of Johnson are already divided on the

issue, but the Seventh Circuit, where Turner was sentenced,[6]

recently concluded that the rule did apply retroactively.[7] Price

v. United States, 795 F.3d 731 (7th Cir. 2015).

    The Seventh Circuit in Price v. United States held that

Johnson is categorically retroactive to cases on collateral

---

[5]The Armed Criminal Act of 1984, 18 U.S.C. 924(e)(B), states that:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u> ...

28 U.S.C. § 924(B) (emphasis added).

[6]Turner was sentenced in the Northern District of Illinois, which is in the Seventh Circuit. Fourth Circuit precedent holds that in a § 2241 motion the "substantive law of the court of conviction should apply under the overarching procedural law of the court reviewing the petition." Bender v. Carter, No. 5:12cv165, 3013 WL 5636745, at *1 (N.D. W. Va. Oct. 15, 2013). As discussed above, Turner does not have a claim before this court under § 2241, however, if Turner were to file a successive § 2255 motion in the sentencing court, the court of conviction is within the Seventh Circuit. Therefore, a discussion of Seventh Circuit precedent is relevant to Turner's instant petition.

[7]On August 12, 2015, the Eleventh Circuit in In re Rivero held that Johnson did not apply retroactively for collateral-review purposes to the residual clause of the career offender sentencing enhancement. In re Rivero, No. 15-13089-C, 2015 WL 4747749 (11th Cir. Aug. 12, 2015).

review because the decision announces a new substantive rule of law and the U.S. Supreme Court "made" Johnson retroactive. Id. at 733 (discussing that " 'made' means 'held' and, thus, the requirement is satisfied only if this court has held that the new rule is retroactively applicable to cases on collateral review") (quoting Tyler v. Cain, 533 U.S. 656, 662 (2001)).

Any retroactivity determination must be made by the U.S. Supreme Court, as articulated in Tyler v. Cain. Id. (citing Tyler, 533 U.S. at 662. In Justice O'Connor's concurrence in Tyler, she discussed that "[i]f we hold in Case One that a particular type of rule applies retroactively ... and hold in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively." Id. (quoting Tyler, 533 U.S. at 668 (O'Connor, J., concurring)).

Additionally, citing Schriro v. Summerlin, the Seventh Circuit in Price stated that for convictions that are already final:

> New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms ... as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish....
>
> New rules of procedure ... generally do not apply retroactively.... [W]e give retroactive effect to only a small set of " 'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding."

<u>Price</u>, 795 F.3d at 733 (emphasis in original) (citing <u>Schriro</u>,
542 U.S. at 351-52; <u>Saffle v. Parks</u>, 949 U.S. 484, 495 (1990);
<u>Teague v. Lane</u>, 489 U.S. 288 (1989)).

Applying the above framework to <u>Johnson</u>, the Seventh
Circuit held that the decision announced a qualifying new
substantive rule because by ruling that the residual clause in
18 U.S.C. § 924(e) is unconstitutionally vague, the U.S. Supreme
Court "prohibited 'a certain category of punishment for a class
of defendant because of their status.'" <u>Id.</u> (quoting <u>Saffle</u>,
494 U.S. at 494). Furthermore, "[a] defendant who was sentenced
under the residual clause necessarily bears a significant risk
of facing 'a punishment that the law cannot impose upon him.'"
<u>Id.</u> Because of this risk, the Seventh Circuit concluded that
the U.S. Supreme Court made <u>Johnson</u> categorically retroactive to
cases on collateral review. <u>Id.</u> at 734. However, the Seventh
Circuit cautioned that it is for the district court to consider
the merits of a subsequent § 2255 claim, and therefore, the
proper remedy for Price was to file a petition with the
appropriate district court. <u>Id.</u> at 735.

In a subsequent case on August 25, 2015, the Seventh
Circuit, in dicta, indicated that the court might be willing to
extend <u>Johnson's</u> rationale to the residual clause in the U.S.
Sentencing Guidelines as well. The court stated that "we
proceed on the assumption that the Supreme Court's reasoning [in

15

Johnson] applies to section 4B1.2[8] [of the U.S. Sentencing Guidelines] as well" because both residual clauses are "identically worded." Ramirez v. United States, No. 13-3889, 2015 WL 5011965, at *9 (Aug. 25, 2015). The court noted that its decision did not reach a conclusion about Johnson's effect on the Sentencing Guidelines because this is not settled law. Id.

Turner's present petition under § 2241 claim cannot be re-characterized as a § 2255 motion. Collins v. Holinka, 150 F.3d 666, 667 (7th Cir. 2009). However, in light of Johnson and the Seventh Circuit decisions discussing Johnson, Turner may not be precluded from filing a successive § 2255 petition in the sentencing court. His current petition alleges error related to both 924(e) and the U.S. Sentencing Guidelines. In both cases he asserts that the new rule announced in Johnson affects his present custody, but whether it does must be determined in the first instance by the sentencing court under § 2255. If Turner decides to pursue this remedy, he is advised that because he

---

[8]U.S. Sentencing Guideline 4B1.2 defines terms used in section 4B1.1. The relevant portion of section 4B1.2 states:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— ...
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines 4B1.2(a)(2) (emphasis added).

previously filed a § 2255 motion, he would need to seek permission from the federal Court of Appeals of the circuit in which he was sentenced to file a second or successive § 2255 motion in the sentencing court. See 28 U.S.C. § 2244(b)(3). Additionally, under 28 U.S.C. § 2255(f)(3), a § 2255 motion must be filed within a one-year period from the date of the U.S. Supreme Court's ruling that initially recognized the right asserted. Therefore, the one-year period for any claim under Johnson started to run on the date of the decision – June 26, 2015.

### III. RECOMMENDATION

Turner's habeas petition does not allege a viable claim under 28 U.S.C. § 2241, and the court lacks jurisdiction to reach the merits of any claim he may have; however, Turner may be permitted to file a second motion under 28 U.S.C. § 2255 in the sentencing court to pursue any claim arising out of the Supreme Court's decision in Johnson. Accordingly, the undersigned RECOMMENDS that the court DISMISS the current petition under § 2241 without prejudice.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and

17

recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.    A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

September 21, 2015

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Harvey Turner
#17391-424
F.C.I. Petersburg
Inmate Mail/Parcels
P.O. Box 1000
Petersburg, VA 23804

Joel E. Wilson
United States Attorney Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

Fernando Galindo,
Clerk of Court

By:_____
Deputy Clerk

September 21, 2015